UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
DOREEN CAPUTI,

                        Plaintiff,          **ORDER**
  -against-                               14-cv-2634(JFB)(SIL)

TOPPER REALTY CORP., and BRIAN
TOPPER, MARILYN TOPPER, and
SHARON TOPPER, in their individual and
professional capacities,

                        Defendants.
------------------------------------------------------------------x

**LOCKE, Magistrate Judge:**

Plaintiff Doreen Caputi ("Plaintiff" or "Caputi") commenced this action against Defendants Topper Realty Corp., Brian Topper, Marilyn Topper, and Sharon Topper (collectively, "Defendants"), alleging violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Presently before the Court is a letter motion by Defendants, DE [43], seeking an Order: (i) compelling Plaintiff to appear for two additional hours at her continued deposition, allowing Defendants more time to inquire about emails identified at Plaintiff's initial deposition; and (ii) awarding Defendants costs incurred in taking Plaintiff's continued deposition. Plaintiff filed a letter in opposition to Defendants' motion, DE [44], to which Defendants filed a reply, DE [45], without leave of the Court. Plaintiff then filed a letter motion, DE [46], seeking an Order striking Defendants' reply. For the reasons set forth herein, Defendants' motion to compel is granted in part and denied in part. Plaintiff's motion to strike is denied.

1

I.  Background

A.  **<u>Defendants' Prior Motion to Compel</u>**

Familiarity with the underlying facts of this case, which were discussed in detail in the Court's February 25, 2015 Order, DE [32], is presumed.  Defendants previously filed a letter motion on May 15, 2015, DE [37], seeking an Order:  (i) compelling Plaintiff to produce a notebook that allegedly includes information concerning her claims in this action; (ii) compelling Plaintiff to provide authorizations for access to medical records that predate her termination; (iii) granting leave to continue Plaintiff's deposition on various topics; (iv) awarding Defendants costs and attorneys' fees incurred in making their prior motion; and (v) imposing a sanction on Plaintiff in the form of requiring her to pay the stenographer fees at her continued deposition, as well as any attendant costs and attorneys' fees.

For the reasons set forth in the Court's May 22, 2015 Order, DE [39], the Court allowed for Plaintiff's continued deposition, on the condition that it not exceed three hours in length and be limited in scope to:  (i) the circumstances surrounding, and Plaintiff's testimony concerning, the notebook; and (ii) documentation concerning mitigation of damages that was produced following Plaintiff's first deposition.  For the reasons set forth herein, the Court now grants Defendants two additional hours at Plaintiff's continued deposition (for a total of five hours) in order to inquire about emails Plaintiff sent to her ex-boyfriend, Paul DeMarco ("DeMarco").  The Court denies Defendants' motion to the extent that it seeks costs incurred in taking Plaintiff's continued deposition.

B. <u>**Plaintiff's Discovery and Initial Deposition**</u>

In Plaintiff's responses to interrogatories, Plaintiff identified DeMarco[1] as an individual who Plaintiff believed may have knowledge of facts upon which she bases her allegations. *See* Def. Ltr. Mtn. at Ex. "B." At Plaintiff's April 30, 2015 deposition, the following exchange took place:

> Q: And your boyfriend, did you speak with him about the lawsuit?
>
> A: He does know why I'm here, yes.
>
> Q: What is his name?
>
> A: My boyfriend now?
>
> Q: Yes.
>
> A: Chris.
>
> Q: What [sic] his last name?
>
> A: Milano.
>
> Q: How long have you been with him?
>
> A: Four months. And the boyfriend before I did share e-mail with him because at one point, I didn't have a computer at home, so the Long Beach police officer would have me send e-mails to him, because I didn't have a printer, so he'd print it for me, so he had information on that.
>
> * * *
>
> Q: What was his name?
>
> A: Paul DeMarco

Def. Ltr. Mtn. at Ex. "A."

Later in her deposition, in describing DeMarco's knowledge of the facts upon which she bases her allegations, Plaintiff testified, "Just what I told you about the e-

---

[1] Plaintiff incorrectly identified DeMarco as "Paul Demario" in her responses to interrogatories. *See* Def. Ltr. Mtn. at Ex. "B." At her deposition, Plaintiff clarified that Paul Demario referred to her ex-boyfriend, DeMarco. *Id.* at Ex. "A."

3

mails, that I e-mailed him to print for me, and that he was the one who told me to put them on notice and start documenting to the best of my ability." *Id.* Notwithstanding Plaintiff's testimony, during the course of discovery, Plaintiff never produced the emails that she sent to DeMarco. To the contrary, on May 19, 2015, Defendants' counsel emailed Plaintiff's counsel, stating, "None of those emails were produced to us." *Id.* at Ex. "D." Defendants demanded production of the emails. *Id.*

Defendants then renewed their demand for Plaintiff's emails to DeMarco on June 2, 2015, writing, "Plaintiff testified at pages 16-18 of her deposition that she sent emails to her boyfriend with information regarding her claims in this lawsuit. Defendants demand production of those emails." *Id.* at Ex. "E." On June 10, 2015, Plaintiff's counsel wrote, "All relevant non-privileged emails, including all emails with information regarding Plaintiff's claims, have been produced to Defendants." *Id.* at Ex. "F."

On June 18, 2015, Defendants yet again requested Plaintiff's emails to DeMarco, writing, "no emails sent by Plaintiff to her then-boyfriend [Paul DeMarco] were produced to defendants. . . . We are entitled to review these emails prior to Plaintiff's continued deposition." *Id.* at Ex. "G." Defendants reserved their right to seek judicial intervention in the event the parties were unable to resolve this issue. *Id.* In response, on June 20, 2015, Plaintiff's counsel wrote:

> As for the emails to/from Ms. Caputi's boyfriend, you have asked for this multiple times and I have responded that such emails are not in my possession and are not in Ms. Caputi's personal email inbox, which I have been given access to. If you cannot accept this straight answer, go ahead and write to the court yet again and we

4

> will respond with yet another affidavit confirming there are no such documents.

Pl. Ltr. Opp. at Ex. 2.

Defendants now seek two additional hours at Plaintiff's continued deposition to inquire about the content of the emails that Plaintiff sent to DeMarco as well as Plaintiff's email preservation and search efforts. *See* Def. Ltr. Mtn. at 2. Specifically, Defendants allege that certain relevant email evidence may have been spoliated, and that they are entitled to discovery of Plaintiff's conduct. *Id.* at 3 n.2.

In opposition, Plaintiff submitted a declaration from Samuel Veytsman, Esq. ("Veytsman Decl."), in which Mr. Veytsman declared that he searched Plaintiff's personal email account, and that he "located no emails relevant to this matter which have not been produced to Defendants, and no relevant emails between Plaintiff and Paul DeMarco, her former boyfriend." Veytsman Decl. at ¶ 2. Plaintiff also argues that Defendants failed to "meet and confer" prior to making the instant motion in violation of Fed. R. Civ. P. 37(a)(2)(B) and Local Rule 37.2. *See* Pl. Ltr. Opp. at 2.

## II.   Legal Standard

Defendants may discover relevant, non-privileged information which appears reasonably calculated to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b)(1). In addition, "unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours." Fed. R. Civ. P. 30(d)(1). However, "[t]he court *must allow* additional time consistent with Rule 26(b)(2) if needed for a fair examination of the deponent." *Finkelstein v. Sec. Indus. Automation Corp.*, No. 05-cv-5195, 2006 WL 3065593, at *1 (E.D.N.Y. Oct. 27, 2006) (emphasis in original)

5

(quoting Fed. R. Civ. P. 30(d)(2)).  "[T]he decision whether or not to enlarge the time for examination of a deponent is a factual decision, depending on the circumstances of the individual case." *Carmody v. Vill. of Rockville Ctr.*, No. 05-cv-4907, 2007 U.S. Dist. LEXIS 54736, at *7 (E.D.N.Y. July 27, 2007) (quoting *Calderon v. Symeon*, No. 06-1130, 2007 U.S. Dist. LEXIS 20510, at *3 (D. Conn. Feb. 2, 2007)).

### III.  Discussion

Applying the standards outlined above, the Court grants in part and denies in part Defendants' motion to compel, DE [43].  The Court denies Plaintiff's motion to strike Defendants' reply, DE [46].

#### A.  <u>Motion to Compel Two Additional Hours of Deposition</u>

The Court grants Defendants' motion to the extent that it seeks additional time at Plaintiff's continued deposition to allow Defendants to inquire about the preservation, production, and possible spoliation of emails that Plaintiff sent DeMarco.

A party alleging spoliation of evidence must establish:

> (1) [T]hat the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed 'with a culpable state of mind'; and (3) that the destroyed evidence was 'relevant' to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense.

*Williams v. N.Y. City Transit Auth.*, No. 10-cv-882, 2011 WL 5024280, at *4 (E.D.N.Y. Oct. 19, 2011) (quoting *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 107 (2d Cir. 2002)).  A party is entitled to discovery that is relevant to its claims of spoliation.  *See, e.g., Residential Funding Corp.*, 306 F.3d at 112 (allowing for

6

additional discovery, including "appropriate depositions," as to the plaintiff's state of mind and prejudice to the defendant when the plaintiff withheld emails).

Here, Plaintiff's deposition testimony conclusively establishes that she sent DeMarco emails containing information relevant to her present claims.  *See* Def. Ltr. Mtn. at Ex. "A."  Plaintiff's pre-deposition failure to produce, and her post-deposition inability to locate, any such emails to DeMarco warrants additional discovery as to the emails' content and disposition.  Contrary to Plaintiff's argument, Mr. Veytsman's declaration that, upon searching Plaintiff's email account, he identified "no relevant emails between Plaintiff and Paul DeMarco" does not negate the need for the discovery Defendants seek.  *See* Veytsman Decl. at ¶ 2.  To the contrary, in light of Plaintiff's sworn testimony that she sent DeMarco emails to "start documenting" information relevant to her present claims, *see* Def. Ltr. Mtn. at Ex. "A.," Mr. Veytsman's inability to locate any such emails raises concern about their disposition, and Defendants are entitled to inquire as to their content and status.

Likewise, Plaintiff's argument that Defendants' motion must be dismissed for failure to meet and confer is unavailing.[2]  *See* Pl. Ltr. Opp. at 3.  "Rule 37's purpose is to require parties to 'make a genuine effort to resolve the dispute' before resorting to a court's involvement."  *Care Envtl. Corp. v. M2 Techs. Inc.*, No. 05-cv-1600, 2006 WL 1517742, at *3 (E.D.N.Y. May 30, 2006) (quoting *Tri-Star Pictures, Inc. v. Unger*,

---

[2] Plaintiff's argument that Defendants' present motion is a "motion for reconsideration disguised as a 'motion to compel' " is similarly unavailing.  *See* Pl. Ltr. Opp. at 1.  When Defendants submitted their prior motion to compel on May 15, 2015, DE [37], they had not yet specifically demanded the emails that Plaintiff referenced at her deposition.  Rather, Defendants first demanded Plaintiff's emails to DeMarco on June 19, 2015.  *See id.*; Def. Ltr. Mtn. at Ex. "D."  As such, this Court's May 22, 2015 Order, DE [39], did not address the relief sought in Defendants' present motion.

7

171 F.R.D. 94, 99 (S.D.N.Y. 1997)).  Following Plaintiff's initial deposition, Defendants repeatedly demanded production of the emails that Plaintiff sent to DeMarco, "or an explanation as to why such documents have not yet been produced." Def. Ltr. Mtn. at Ex. "G."  In response, Plaintiff's counsel wrote, "I have responded that such emails are not in my possession and are not in Ms. Caputi's personal email inbox, which I have been given access to.  If you cannot accept this straight answer, go ahead and write to the court yet again . . .."  Pl. Ltr. Opp. at Ex. 2.  Accordingly, Plaintiff's contention that Defendants failed to make a genuine effort to resolve the present dispute without seeking judicial intervention is without merit.

For the foregoing reasons, Defendants' motion is granted to the extent that it seeks two additional hours at Plaintiff's continued deposition to inquire as to the content and status of Plaintiff's emails to DeMarco.

### B.     Motion for Costs

The Court denies Defendants' motion to the extent that it seeks to recover costs associated with Plaintiff's continued deposition.  As an initial matter, this Court previously denied Defendants' request for costs incurred as a result of Plaintiff's continued deposition as it relates to her notebook on the grounds that Plaintiff has asserted a colorable basis for objecting to its production.  *See* DE [39].  Similarly, there is presently no evidence to suggest that Plaintiff has acted in bad faith or that Defendants have been prejudiced such that sanctions are warranted pursuant to Fed. R. Civ. P. 30(d)(2).  To the contrary, Plaintiff's continued deposition is necessary to

determine the reason(s) for Plaintiff's failure to produce her emails to DeMarco, and whether Defendants were prejudiced as a result.

The case that Defendants cite in support of their request for costs, *Owen v. No Parking Today, Inc.*, 280 F.R.D.106 (S.D.N.Y. 2011), is distinguishable. In *Owen*, the Court awarded the plaintiff attorney's fees that it was forced to incur because the defendant "repeatedly failed to respond fully to [the plaintiff's] discovery requests and misled plaintiff as to the nature of the search it had conducted." *Id.* at 111. Here, neither Plaintiff's bad faith, nor prejudice to Defendants has been established.

For the foregoing reasons, Defendants' motion is denied to the extent that it seeks to recover costs incurred as a result of Plaintiff's continued deposition.

### C. Motion to Strike Defendants' Reply

The Court denies Plaintiff's Motion to Strike Defendants' reply, DE [46]. Courts have "broad discretion to determine whether to overlook a party's failure to comply with local rules." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 108 n.2 (2d Cir. 2006) (quoting *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 73 (2d Cir. 2001)). While Plaintiff is correct that Defendants' reply violates this Court's Individual Motion Practice Rule 3(A)(i), *see* DE [46], the Court declines to strike Defendants' reply because it did not contain novel arguments or present new evidence, and the result of the present motion would have been the same even if Defendants had not submitted their improper reply. Nevertheless, the parties are again instructed to consult this Court's Individual Rules before making submissions to the Court.

## IV. Conclusion

Based on the foregoing, Defendants' motion to compel is granted in part and denied in part, as follows: (i) Defendants' request to continue Plaintiff's deposition for two additional hours (for a total of five hours) to inquire about emails Plaintiff sent to DeMarco is granted, and (ii) Defendants' request to recover costs incurred as a result of Plaintiff's continued deposition is denied. Plaintiff's motion to strike is denied.

Dated: Central Islip, New York
July 9, 2015 **SO ORDERED**

s/ Steven I. Locke
STEVEN I. LOCKE
United States Magistrate Judge